ARTHUR W. KUENZLI, Plaintiff and Appellee-Appellant, v. JOSEPH SYMISTER, Defendant and Appellant-Appellee.

No. 5241. Argued May 19, 1931.—Decided November 10, 1932.

Adrián Agosto for defendant-appellant. A. Marín Marién for plaintiff-appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Defendant Symister appeals from that part of a judgment on the pleadings whereby the district court declared null and void a judgment by default entered by the clerk of a municipal court in-a previous action. The complaint herein alleges that the previous action was one for the recovery of money. From the answer it appears that Symister, plaintiff in the previous action, was a mortgagee and that the defendants therein were mortgagors. Whether it was a suit for foreclosure or an action for the recovery of money only does not appear. The complaint also alleges, however, that there was no personal service of summons upon the defendants in the previous action but only a citation by publication. The answer admits the truth of this averment.

Subdivisions 1 and 3 of section 194 of the Code of Civil Procedure read as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of

the court within the time specified in the summons, or such further time as may have been granted, the secretary upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96.

"2. *  *  *  *  *  *

"3. In actions where the service of the summons was by publication, the plaintiff, upon the expiration of the time for answering, may, upon proof of the publication, and that no answer has been filed, apply for judgment; and the court must thereupon require proof to be made of the demand mentioned in the complaint; and if the defendant be not a resident of the Island, must require the plaintiff, or his agent, to be examined on oath, respecting any payments that have been made to the plaintiff or to anyone for his use, on account of such demand, and may render judgment for the amount which he is entitled to recover."

The clerk of the municipal court had no power to enter a judgment by default in the previous action and the judgment so entered was void.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.